**KEVIN H. KONO**, OSB #023528
kevinkono@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**FREDERICK B. BURNSIDE,** OSB #096617
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DWAYNE J. DENNIS and HAZEL R.D. DENNIS,**<br><br>**PLAINTIFFS**,<br><br>v.<br><br>**JP MORGAN CHASE BANK,**<br><br>**DEFENDANT**. | Case No. 3:18-cv-00555-YY<br><br>**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** |

**CERTIFICATE OF COMPLIANCE**

Counsel for defendant conferred with Plaintiffs by telephone on July 26, 2018 regarding the subject of this motion and the parties were unable to reach agreement.

## MOTION

Defendant JPMorgan Chase Bank, NA (erroneously sued as "JP Morgan Chase Bank") ("Chase") respectfully moves under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for an order dismissing the Amended Complaint filed by Dwayne J. Dennis and Hazel R.D. Dennis ("Plaintiffs") with prejudice and without leave to amend.

In support of this motion, Chase relies on the following memorandum of law, the concurrently filed Declaration of Kevin H. Kono ("Kono Decl."), a concurrently filed Request for Judicial Notice, and the pleadings and documents on file.

## MEMORANDUM OF LAW

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs entered into the loan transaction at issue with Washington Mutual Bank, FA ("WaMu") in August 2005, executing a Home Equity Line of Credit Note and a Deed of Trust securing the Note. In 2008, Chase acquired the Note and Deed of Trust when it purchased WaMu's assets from the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver, any claims based on loan origination or any other conduct by WaMu remained with the FDIC. In 2017, Chase brought a foreclosure suit in state court to foreclose on the Deed of Trust and ultimately obtained a judgment of foreclosure. In their Amended Complaint, Plaintiffs ask this Court effectively to overturn the state court judgment of foreclosure and award damages based on assertions that the loan at issue was fraudulently opened in 2005—despite the fact that the state court already decided Chase's right to enforce the Deed of Trust. Liberally construed, Plaintiffs also assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* based on their allegation that the loan account was fraudulently opened in 2005.

The Court should dismiss Plaintiffs' Amended Complaint with prejudice and without leave to amend for the following reasons:



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

***First***, under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), this Court lacks subject matter jurisdiction because Plaintiffs' claims remained with the FDIC and Plaintiffs did not complete the required FDIC claim process.

***Second***, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction because Plaintiffs improperly seek federal court review of a state court judgment.

***Third***, Plaintiffs' claims are barred by the statute of limitations.

***Fourth***, Plaintiffs fail to state any plausible claim for relief.

## II. BACKGROUND

### A. Plaintiffs' loan at issue.

The loan at issue is a Home Equity Line of Credit note ("Note") dated August 25, 2005 issued by WaMu and providing for a $216,000 revolving line of credit. Am. Compl., p. 2, Ex. 7, p. 2; Kono Decl., Ex. 1, pp. 7-15. The Note is secured by a Line of Credit Deed of Trust also dated August 25, 2005 ("DOT") granting a security interest in property located at 3735 N. Vancouver Ave., Portland, Oregon 97227 ("Property") (and bearing Plaintiffs' notarized signatures). Kono Decl., Ex. 3.

### B. Plaintiff's former loan not at issue.

Plaintiffs Amended Complaint refers to a "loan with Washington Mutual Bank that was paid off in full" and attaches exhibits relating to that loan. Am. Compl., p. 2, Exs. 1, 4. The account number for the loan at issue ends in 8649. Am. Compl., p. 2. According to Plaintiffs' exhibits, the loan number for the loan they allege was paid off ended in 7702, and that loan was paid off on August 31, 2005, presumably with funds from the loan at issue in this case. Am. Compl., Ex. 1. Consistent with a loan payoff on August 31, 2005, on September 14, 2005, WaMu appointed a successor trustee under a 2002 Deed of Trust (H. Stephen Bauer), and the successor trustee reconveyed all interest under the 2002 Deed of Trust "to the person or persons legally entitled thereto[.]" Am. Compl., Ex. 2. Those documents do not relate to the loan ending in 8649. They relate to a different loan, which is not at issue in this case.



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**C. Chase obtained plaintiffs' loan ending in 8649 from the FDIC.**

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver, and initiated the administrative claims process under FIRREA. *Oskoui v. J.P. Morgan Chase Bank, N.A.*, 851 F.3d 851, 854 (9th Cir. 2017). Also on September 25, 2008, the FDIC, as WaMu's receiver, and Chase entered into a purchase and assumption agreement ("P&A Agreement") under which the FDIC transferred to Chase essentially all of WaMu's assets. Kono Decl., Ex. 3. As set forth in Section 3.1 of the P&A Agreement, the FDIC transferred to Chase "all of the assets … of the Failed Bank"—that is, of WaMu. Kono Decl., Ex. 4, p. 13. In addition, Paragraph 2.5 of the P&A Agreement specifically states that Chase did not assume any liability for borrower claims relating to any loans or commitments to lend made by WaMu. Kono Decl., Ex. 4, p. 13.

**D. The Oregon state court foreclosure lawsuit and General Judgment of Foreclosure.**

On April 13, 2016, Chase filed a judicial foreclosure against Plaintiffs in Multnomah County Circuit Court seeking to foreclose on the DOT ("Foreclosure Lawsuit"). Kono Decl., Ex. 5. Plaintiffs contested the foreclosure, including filing an Answer and Affirmative Defenses alleging that Plaintiffs never took out the subject loan and that the loan account had been fraudulently opened. Kono Decl., Ex. 6, pp. 2-3. The state court held a trial on June 19-20, 2017, at which Plaintiffs were represented by counsel. Kono Decl., Ex. 2, pp. 4-5. The state court found in favor of Chase and entered a General Judgment of Foreclosure on April 6, 2018. Kono Decl., Exs. 1-2. Plaintiffs did not appeal the General Judgment of Foreclosure. Kono Decl. ¶ 2; Ex. 2.

**E. Plaintiffs' prior federal court lawsuit against WaMu.**

Plaintiffs attach to their Amended Complaint an unsigned complaint filed in the United States District Court for the District of Oregon against WaMu and others (but not Chase) as Case Number 3:16-cv-0831-SB ("Plaintiffs' 2016 Federal Action"). Am. Compl., Ex. 6. Plaintiffs filed the Plaintiffs' 2016 Federal Action on May 12, 2016. Kono Decl., Ex. 8, p. 1. A copy of



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

the signed and filed complaint is attached as Exhibit 7 to the Kono Declaration. In Plaintiffs' 2016 Federal Action, Plaintiffs did not allege the loan was created without their knowledge or deny entering into the loan transaction. Instead, Plaintiffs alleged they "entered into a consumer credit transaction with WASHINGTON MUTUAL by obtaining a $216,000 mortgage loan secured by Plaintiff's principal residence, (Subject Property). This note was secured by a First Mortgage/Trust Deed on the Property in favor of WASHINGTON MUTUAL." Am. Compl., Ex. 6, p. 6; Kono Decl., Ex. 7, pp. 8; 22-23. Plaintiffs alleged they were fraudulently induced to enter into the loan based on the contention they were not adequately informed the loan would be securitized, not that the loan account was opened without their knowledge. Am. Compl., Ex. 6, p. 16; Kono Decl., Ex. 7, p. 18. According to the docket, Plaintiffs never served any defendant in Plaintiffs' 2016 Federal Action, and, after the Court issued an order to show cause, Plaintiffs voluntarily dismissed the case without prejudice. Kono Decl., Ex. 8.

**F. Procedural history of this case.**

On April 2, 2018, Plaintiffs filed a two-sentence complaint demanding $50 million. Dkt. 1. On April 6, 2018, the Court ordered Plaintiffs to show cause why this action should not be dismissed. Dkt. 4. Plaintiffs did not respond to the Court's order to show cause. Dkt. 9, p. 1. On May 16, 2018, this Court found that the complaint did not establish the Court's jurisdiction and recommended dismissal. Dkt. 9, p. 2. On June 28, 2018, after a series of filings by Plaintiffs, the Court allowed Plaintiffs to amend the complaint. Dkt. 24.

On July 11, 2018, Plaintiffs filed their amended complaint. Dkt. 25. As best as Chase can decipher, the Amended Complaint alleges Chase is wrongfully foreclosing. Am. Compl., pp. 1-2, 5-6. Plaintiffs allege the judgment in the Foreclosure Lawsuit is "erroneous" because they paid off their WaMu loan and then the subject loan was fraudulently opened using a closed credit card account. Am. Compl., pp. 1-2, 5-6. Plaintiffs also quote 18 U.S.C. § 1962 (RICO) and allege Chase is "responsible for our problems." Am. Compl., pp. 2-3. Then, after reiterating allegations of wrongful foreclosure, Plaintiffs appear to cut and paste (without attribution) from



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

portions of the U.S. Attorneys' Criminal Resource Manual addressing unauthorized credit card transactions. *Compare* Am. Compl., pp. 4-5 *with* https://www.justice.gov/usam/criminal-resource-manual-1029-fraudulent-presentment-and-related-unauthorized-credit-card. Finally, Plaintiffs mention "Conspiracy, Fraud, Racketeering, subrogation, extortion, forgery; RICO and full disclosure." Am. Compl., p. 7.

Liberally construing the Amended Complaint, the Court found that the Amended Complaint "appears to assert" a RICO claim. Dkt. 26.

## III. LEGAL STANDARDS

### A. Standard under Fed. R. Civ. P. 12(b)(1).

Federal courts are courts of limited jurisdiction and Plaintiffs have the burden to establish that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by an amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 771 (2010).

### B. Standard under Fed. R. Civ. P. 12(b)(6).

*Pro se* plaintiffs are bound by the rules of procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Although *pro se* complaints are to be interpreted liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Smith v. Boak*, 2013 WL 6835304, *3 (D. Or. Dec. 23, 2013).

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] … [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl.*



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Corp. v. Twombly*, 550 U.S. 544, 555, 1267 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). The Court should dismiss under Federal Rule of Civil Procedure 12(b)(6) claims that fail to meet this standard. While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions." *Twombly*, 550 U.S. at 555. Rather, he must provide the grounds of his entitlement to relief; "formulaic recitations of the elements of a cause of action will not do." *Id.*

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice…. [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 679.

The Court may consider and take judicial notice of prior court filings and official government and publicly recorded documents on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 199 n.18 (2008) (judicially noticing facts from Indiana state website); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (court may take judicial notice of publicly recorded documents without converting motion to one for summary judgment). Likewise, the Court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The also Court may consider on a motion to dismiss documents on which the complaint necessarily relies. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Finally, the court may dismiss a complaint without leave to amend where it is clear amendment is futile. *Havas v. Thorton*, 609 F.2d 372, 376 (9th Cir. 1979).

## IV. ARGUMENT

### A. The Court should dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.

Plaintiffs' Amended Complaint rests on two fundamental allegations: (1) the loan was fraudulently originated; and (2) the state court foreclosure judgment is improper (because the loan was fraudulently opened). The Court lacks subject matter jurisdiction over the former under FIRREA and over the latter under the *Rooker-Feldman* doctrine.

#### 1. Under FIRREA, this Court lacks subject matter jurisdiction because Plaintiffs' claims are based on WaMu's conduct.

This Court lacks jurisdiction over Plaintiffs' claims based on WaMu's alleged conduct because Plaintiffs failed to exhaust the administrative claims process required under FIRREA. *See, e.g.*, *Grady v. Levine*, 655 F. App'x 601, 601-02 (9th Cir. 2016); *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1060-65 (9th Cir. 2014).

##### a. FIRREA creates a comprehensive administrative claim and remedies process as a jurisdictional prerequisite to any judicial proceeding.

The FDIC was named WaMu's receiver in September 2008. *Rundgren*, 760 F.3d at 1059. Under FIRREA, when the FDIC enters into receivership for a failed bank, it succeeds to "all rights, titles, powers, and privileges" of the failed bank. 12 U.S.C. § 1821(d)(2)(A)(i). As receiver, the FDIC is also authorized to "take any action…which [it] determines is in the best interests of the depository institution." 12 U.S.C. § 1821(d)(2)(J)(ii); *see also Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996) ("Congress explained that the authority


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

granted to the FDIC was 'designed to give the FDIC the power to take all actions necessary to resolve the problems posted by a financial institution in default'") (citation omitted); *W. Park Assocs. v. Butterfield Sav. & Loan Ass'n.*, 60 F.3d 1452, 1459 (9th Cir. 1995) (recognizing that the FDIC has "broad powers to allocate assets and liabilities" in order to facilitate a P&A Agreement). FIRREA requires the FDIC to "pay all valid obligations of the insured depository institution," *i.e.*, the failed bank. 12 U.S.C. § 1821(d)(2)(H).

Consistent with this broad authority and the requirement to pay valid obligations of the failed institution, FIRREA sets forth a "comprehensive claims process" through which claimants with claims against the failed institution must present their claims. *Rundgren*, 760 F.3d at 1060. "To maximize the FDIC's ability to fulfill its role as claim adjudicator, FIRREA 'provides detailed procedures to allow the FDIC to consider certain claims against the receivership estate.'" *Id.* (citation omitted). As was done in WaMu's case, "once the FDIC is appointed receiver for a failed depository institution," the FDIC must provide certain notices to creditors, and claimants must comply with the required administrative claims process by (among other things) submitting claims to the FDIC. *Id.* A claimant may not bring a lawsuit for any claim relating to the assets of the failed institution or to any act or omission of the failed institution without exhausting this administrative claims process:

> Except as otherwise provided in this subsection, ***no court shall have jurisdiction over***—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) ***any claim relating to any act or omission of such institution*** or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D) (emphasis added). Thus, "FIRREA strips courts of jurisdiction over claims that have not been exhausted through this process." *Rundgren*, 760 F.3d at 1060 (citing and quoting 12 U.S.C. § 1821(d)(13)(D)).



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**b. FIRREA applies to Plaintiffs' claims based on allegations that the loan was fraudulently opened because they are based on WaMu's conduct.**

Plaintiffs' claims are subject to FIRREA because they are based upon WaMu's conduct pre-FDIC receivership. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) ("[A] claim asserted against a purchasing bank based on the conduct of a failed bank must be exhausted under FIRREA."); *Rundgren*, 760 F.3d at 1064 ("A claimant cannot circumvent the exhaustion requirement by suing the purchasing bank based on the conduct of the failed institution"). Although Plaintiffs refer to Chase opening the loan account, the publicly recorded Deed of Trust shows that plaintiffs executed the Deed of Trust that secures the loan at issue in favor of WaMu in 2005. Kono Decl., Ex. 3. The loan number on the Deed of Trust matches the loan number at issue. *See* Kono Decl., Ex. 3; Am. Compl., p. 2. Further, the "Affidavit of Facts" Plaintiffs attach to their complaint states that Plaintiffs "signed a Promissory Note in favor of Washington Mutual Bank, FA on August 25, 2005." Am. Compl., Ex. 7, p. 2. Plaintiffs also made that affirmative allegation in Plaintiffs' 2016 Federal Action. Am. Compl., Ex. 6, p. 6; Kono Decl., Ex. 7, pp. 8, 22-23. Plaintiffs' claims arise from WaMu's origination of the loan and the allegation that the loan was fraudulently opened using a closed credit card account, all of which predate Chase's September 2008 purchase of WaMu's assets from the FDIC.

Finally, FIRREA's jurisdictional bar is broad and comprehensive, and applies to "'*any* claim relating to any act or omission' of a failed bank." *Rundgren*, 760 F.3d at 1061 (emphasis added). The term "claim" as used in FIRREA has its ordinary meaning: a "claim" is "a cause of action or the aggregate of facts that gives rise to a right to payment or an equitable remedy." *Id.* To the extent Plaintiffs' Amended Complaint asserts any claim at all, it asserts a "claim" within the meaning of FIRREA, and Plaintiffs may bring claims only against WaMu (through the FDIC and FIRREA process), not Chase.[1]

[1] Plaintiffs cannot bring a claim against Chase based on WaMu's conduct for the additional reason that, under FIRREA and the P&A Agreement, Plaintiffs' claims remained with the FDIC. Under its FIRREA authority, the FDIC transferred most of WaMu's assets to Chase via the P&A



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**c. The Court lacks jurisdiction because Plaintiffs failed to bring their claims against the FDIC and exhaust their remedies under FIRREA.**

The FDIC set December 30, 2008 as the claim filing deadline for claims based on WaMu's conduct. *Alkasabi v. Washington Mut. Bank, F.A.*, 31 F. Supp. 3d 101, 104 (D.D.C. 2014); *Kelley v. JPMorgan Chase Bank, N.A.*, 564 B.R. 406, 409 (N.D. Cal. 2017). Plaintiffs must allege they exhausted this claim process as a jurisdictional prerequisite to their claims, but Plaintiffs do not and cannot allege that they exhausted their administrative remedies as required. *See City of Miami v. JPMorgan Chase & Co.*, 171 F. Supp. 3d 1309, 1313 (S.D. Fla. 2016) ("Any claims based upon WaMu lending activities are subject to FIRREA's mandatory administrative review process, which [Defendant] does not allege [she] has satisfied."). Under FIRREA, absent exhaustion through the FDIC claims process, courts lack jurisdiction over "'any claim relating to any act or omission' of a failed bank, without respect to the identity of the claimant." *Rundgren*, 760 F.3d at 1061 (quoting 12 U.S.C. § 1821(d)(13)(D)) (emphasis added); *see also Willner v. Dimon*, 849 F.3d 93, 104-05 (4th Cir. 2017) (FIRREA barred borrower's claims because they related to an act or omission of WaMu and alleged securitization before WaMu's failure is irrelevant). Federal Courts of Appeals regularly enforce FIRREA's jurisdictional bar. *See, e.g.*, *Rundgren*, 760 F.3d at 1059; *Willner*, 849 F.3d at 107; *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 714-15 (8th Cir. 1996); *Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 395 (3d Cir. 1994); *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993). The Court should dismiss for lack of subject matter jurisdiction because

---

Agreement. *Benson*, 673 F.3d at 1210; 12 U.S.C. § 1821(d)(2)(G)(i)(II) (FDIC may "transfer any asset or liability of the institution in default * * * without any approval, assignment, or consent with respect to such transfer"). But "Chase did not assume any liability associated with borrower claims against [WaMu]." *Jenkins v. JP Morgan Chase Bank*, 549 F. App'x 673, 674 (9th Cir. Nov 19, 2013); *see also Rundgren*, 760 F.3d at 1059 (noting that under the P&A Agreement, "FDIC retained most liabilities associated with those assets"). Paragraph 2.5 of the P&A Agreement specifically states that Chase did not assume any liability for borrower claims relating to any loans or commitments to lend made by WaMu. *Rundgren*, 760 F.3d at 1059 n. 1.





DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiffs failed to exhaust the administrative claims process required under FIRREA. *See, e.g.*, *Grady*, 655 F. App'x at 601-02 (9th Cir. 2016); *Rundgren*, 760 F.3d at 1060-65.

### B. This Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Even if this Court had subject matter jurisdiction notwithstanding FIRREA, the Court should dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005).

Here, the only post-September 2008 conduct Plaintiffs allege is the "wrongful foreclosure" by Chase. Am. Compl., pp. 1, 2, 5. But the Oregon state court already decided the enforceability of the Deed of Trust, Plaintiffs' default thereunder, and the propriety of foreclosure in the Foreclosure Lawsuit. Kono Decl., Ex. 1. Plaintiffs improperly seek to have this Court review and reconsider the General Judgment of Foreclosure in the Foreclosure Lawsuit; that is, this Court could not find foreclosure "wrongful" without reversing the state court's General Judgment of Foreclosure giving Chase the right to foreclose. That is precisely what *Rooker-Feldman* disallows. Under *Rooker-Feldman*, this Court lacks subject matter jurisdiction and should dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(1).

### C. Plaintiffs' purported RICO claim is time-barred because it accrued more than four years before Plaintiffs filed commenced this action.

The Court should dismiss Plaintiffs' Amended Complaint even if the Court has subject matter jurisdiction because any RICO claim and any other claim based on the loan transaction is



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

time-barred on its face.[2] The statute of limitations for a civil RICO claim is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). The limitations period begins "when a plaintiff knows or should know of the injury which is the basis for the action." *Stitt v. Williams*, 919 F.2d 516, 525 (9th Cir. 1990); *see also Rotella v. Wood*, 528 U.S. 549, 554 (2000) (rejecting injury and pattern discovery rule, leaving intact traditional injury discovery rule, and declining to state a final accrual rule for civil RICO purposes). Constructive notice is sufficient to start the statute of limitations period, and a plaintiff in a civil RICO case "is deemed to have constructive knowledge [of its claim] if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Beneficial Standard Life Ins. Co. v. Madriaga*, 851 F.2d 271, 275 (9th Cir. 1988) (internal quotations omitted).

Here, the statute of limitations began to run on Plaintiffs' RICO claim no later than 2009, making any RICO claim long time-barred. Plaintiffs allege that Chase violated RICO when Chase created a credit line with an amount due of $216,000 in Plaintiffs' names. Am. Compl., pgs. 2, 5-7. As noted above, that allegation rests on alleged conduct by WaMu, not Chase, but regardless, the alleged conduct occurred more than a decade ago. The Note and DOT are dated August 25, 2005, and the DOT was publicly recorded on October 4, 2005. Nor can Plaintiffs rely on any claim of delayed discovery. Plaintiffs allege that they knew for "several years" that the $216,000 loan existed, Am. Compl., p. 6, but Exhibit 2 to Plaintiffs' Amended Complaint removes any doubt about whether Plaintiffs had sufficient information to warrant an investigation by no later than 2009. Plaintiffs attach a letter dated March 24, 2009 from Chase to Mr. Dennis identifying the loan number ending in 8649 and discussing "the Home Equity Line of Credit (HELOC) referenced above." Am. Compl., Ex. 2. As a matter of law, the letter

---

[2] An affirmative defense is properly asserted "on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

discussing a line of credit Plaintiffs claim they did not open put Plaintiffs on at least constructive notice of their claim and started the statute of limitations period. Indeed, "[i]t is hard to imagine what would constitute enough information to warrant an investigation if receiving a written disclosure of one's purported injury does not." *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001) (finding RICO claim time-barred).

Plaintiffs knew or should have known no later than 2009 all of the underlying alleged facts on which they base their RICO claim. At the least, Plaintiffs had enough information to warrant an investigation into any alleged misconduct. The Court should dismiss Plaintiffs' RICO claim with prejudice because it is time-barred.

**D. The Amended Complaint fails to state a claim as a matter of law.**

**1. Plaintiffs fail to state a RICO claim.**

Although the Court liberally construed Plaintiffs' Amended Complaint as asserting a RICO claim, Plaintiffs merely quote the statute and do not identify on which subsection of 18 U.S.C. § 1962 Plaintiffs base their claim. Am. Compl., pp. 2-3. To state a RICO claim under any subsection, however, a plaintiff must allege a pattern of racketeering activity. *See* 18 U.S.C. § 1962(a)-(c). Further, where, as here, a RICO claim is based on allegations of fraud, the plaintiff must satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). This means Plaintiffs must plead "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). Plaintiffs fail to state a RICO claim because they do not allege facts showing a pattern of racketeering activity at all, let alone with the required particularity.

"Racketeering activity" is a statutorily defined, as relevant here, as an act indictable under any of a long list of criminal statutes. 18 U.S.C. § 1961(1). Plaintiffs focus on two listed


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

statutes in their Amended Complaint: 18 U.S.C. § 1344 and 18 U.S.C. § 1029.[3] Am. Compl., pp. 3-4. Section 1344 address fraud *against* a financial institution and thus has no bearing here. *See* 18 U.S.C. § 1344(1)-(2). Section 1029 focuses on the use of an "access device" to engage in transactions or obtain money from another. *See, e.g.*, 18 U.S.C. § 1029(2), (5). Plaintiffs do not allege any conduct falling within the scope of Section 1029.

Moreover, RICO requires a "pattern" of racketeering activity. By statutory definition, a pattern requires "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "[T]o prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 2900 (1989) (emphasis in original). Plaintiffs allege only the single predicate act of opening a closed account and putting $216,000 in it. Am. Compl., p. 4. Even if that allegation qualified as racketeering activity, which it does not, that single act standing alone does not meet the requirement that there be a "pattern" of racketeering activity. *See, e.g.*, *Clark v. Wells Fargo Bank, N.A.*, 2014 WL 2998600, at *5 (D. Or. July 1, 2014), *aff'd*, 669 F. App'x 362 (9th Cir. 2016) (allegations of single scheme, even if consisting of a closed-ended series of predicate acts, are insufficient). Plaintiffs fail to plead facts with particularity to support a RICO claim, and the Court should dismiss it.

**2. Plaintiffs do not state any other claim.**

The Court has liberally construed the Amended Complaint as asserting a RICO claim, which, as discussed above, fails to state a claim. At the end of their Amended Complaint,

[3] Plaintiffs list several other criminal statutes, but state only that "[s]chemes to commit identity theft or fraud may also involve violations of other statutes." Am. Compl., p.4. Chase does not walk through each of the statutes Plaintiffs mention in passing because citing a criminal statute, without more, fails to meet any pleading standard, let alone the heightened standard required under RICO.


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiffs list several "things" of which Plaintiffs say Chase is "guilty." Am. Compl., p. 7. To the extent Plaintiffs attempt to assert those claims, each fails to state a claim.

*Conspiracy*. A claim for "conspiracy" does not exist under Oregon law. "Civil conspiracy … is a theory under which tortfeasors may be held liable under a substantive cause of action rather than a separate cause of action or ground for recovery." *Barnes v. Routh Crabtree Olsen, PC*, No. 3:15-CV-01001-BR, 2016 WL 81799 at *6 (D. Or. Jan. 7, 2016); *see also Morasch v. Hood*, 232 Or. App. 392, 402 (2009) ("[C]ivil conspiracy is not, itself, a separate tort for which damages may be recovered; rather, it is a way in which a person may become jointly liable for the tortious conduct of his or her coconspirators."). The Court should dismiss any purported conspiracy claim because no such claim exists.

*Fraud*. To state a claim for fraud, Plaintiffs must plead, with the particularity required under Fed. R. Civ. P. 9(b): (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Webb v. Clark*, 274 Or. 387, 391 (1976). Plaintiffs must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citations omitted). Plaintiffs have not alleged that Chase made any materially false representations to Plaintiffs, nor do they allege the requisite who-what-where-and-when of the allegedly fraudulent statements, or the other required elements of fraud. Accordingly, Plaintiffs fail to state a claim for fraud.

*Subrogation*. A "subrogation" claim relates to lien priority among lienholders, not to a borrower. An equitable subrogation claim arises when a mortgage holder "takes a new mortgage as a substitute for a former one, and cancels and releases the latter in ignorance of the existence of an intervening lien upon the mortgaged premises." *Boresek v. U.S. Dep't of Agric.*, 109 F.


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Supp. 3d 1338, 1343 (quoting *Dimeo v. Gesik*, 164 Or. App. 567, 571 (1999)). Additionally, a claim for equitable subrogation is only available if "'the lender proves that it was ignorant of the existence of the intervening lien and that its ignorance was not a result of inexcusable negligence.'" *Id.* at 1343 (quoting *Dimeo*, 164 Or. App. at 571). The only statement in the Amended Complaint related to subrogation is inclusion of the word "subrogation" in the list of things of which Chase is allegedly "guilty." Plaintiffs have no "subrogation" claim.

*Extortion and Forgery*. Extortion and forgery are state law crimes as to which there is no civil cause right of action. ORS 164.075; ORS 165.002 *et seq*. Moreover, the crime of extortion requires, among other things, that a person compel or induce another to act by instilling fear of unlawful physical injury, criminal conduct, or property damage. Plaintiffs make no such allegations. Likewise, the Amended Complaint does not contain any allegations that Chase forged any documents.

*Full Disclosure*. No such claim exists.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. Alternatively, the Court should dismiss Plaintiffs' Amended

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Complaint with prejudice because it is time-barred and fails as a matter of law to state any claim.

DATED this 27th day of July, 2018.

**DAVIS WRIGHT TREMAINE LLP**

By s/ Kevin H. Kono

**KEVIN H. KONO**, OSB #023528
Email: kevinkono@dwt.com
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300

**FREDERICK B. BURNSIDE**, OSB #096617
Email: fredburnside@dwt.com
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 757-8016

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** on:

Dwayne J. Dennis
Hazel R.D. Dennis
3735 N. Vancouver Ave
Portland, OR 97227
Telephone (503) 282-3154

Plaintiffs

☒ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said plaintiffs' last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said plaintiffs' address as shown above on the date set forth below;

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said plaintiffs' last-known address on the date set forth below;

☐ by faxing a copy thereof to said plaintiffs at their last-known facsimile number on the date set forth below;

☐ by emailing a copy thereof to said plaintiffs at their last-known email address as set forth above; and/or

☐ by emailing a copy thereof in Word format to said plaintiffs at their last-known email address as set forth above, pursuant to Local Rule 5-11(b).

Dated this 27th day of July, 2018.

DAVIS WRIGHT TREMAINE LLP

By s/ Kevin H. Kono
Kevin H. Kono, OSB #023528
Of Attorneys for Defendant



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax