**NOT FOR PUBLICATION**

FILED

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DWAYNE J. DENNIS; HAZEL R.D. DENNIS,

Plaintiffs-Appellants,

v.

JP MORGAN CHASE BANK,

Defendant-Appellee.

No. 19-35271

D.C. No. 3:18-cv-00555-YY

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Dwayne J. Dennis and Hazel R.D. Dennis appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because plaintiffs failed to allege facts sufficient to show a pattern of racketeering activity required to state a claim for violations of, or conspiracy to violate, RICO. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010) (listing elements of a RICO claim under 18 U.S.C. § 1962(c) and explaining that to plead a RICO conspiracy claim under § 1962(d), the plaintiff must first adequately plead a substantive violation of RICO); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' fraud claim because plaintiffs failed to allege facts sufficient to state a plausible claim. *See Or. Pub. Emps.' Ret. Bd. ex rel. Or. Pub. Emps.' Ret. Fund v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. Ct. App. 2004) (elements of fraud claim under Oregon law); *see also Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion in denying leave to amend plaintiffs' fraud claim because amendment would have been futile. *See Cervantes*,

656 F.3d at 1041 (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**